## COUNCIL OF LAFFYETTE vs. KOHN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Oppositions to the valuation and assessment of property in the city of Lafayette must be made within the time prescribed and advertised, or they will not be listened to in court.

The assessment roll is admissible in evidence, to show that taxes were duly assessed. If defendant objects that it is not the true one, he should show, or call for the true one.

This case comes up on a suit to collect the arrearage of taxes due on defendant's property in the city of Lafayette according to the assessment made under the laws relating to the subject, and vesting the power to lay and collect taxes in said city council.

The plaintiffs show that said taxes were duly assessed, due notice given when they became due and payable, and proper demand of payment.

The defendant came in and pleaded the general issue. He denies that his property has been legally and properly assessed.

There was judgment against the defendant and he appealed.

*M'Kinney*, for the plaintiffs.

*Thos. Slidell*, contra.

*Garland, J.* delivered the opinion of the court.

EASTERN DIS.
*June*, 1841.

COUNCIL
OF LAFAYETTE
*vs.*
KOHN.

This suit is brought to recover the taxes assessed by the plaintiffs, for the year 1837, on the property of the defendant, situated within the limits of the city of Lafayette, amounting to $594 86. The answer is a general denial.

On the trial the plaintiffs showed that by an act of the legislature, approved the 12th March, 1836; Sess. acts 1836, p. 132, sec. 6, and acts 1837, p. 88, sec. 1; they were authorized to appoint assessors who shall have the same powers as are by law vested in the assessors of State taxes, and that in default of the payment of the taxes so assessed, within the period which said president and board of council shall prescribe, they are authorized to bring suit against all persons in default and recover them with interest at the rate of eight per cent. from the time due until paid.

The plaintiffs show the appointment of assessors, the assessment roll, its deposite in the council room and a notice duly advertised calling on all persons interested to come forward and oppose it, if injustice had been done them. The defendant does not appear to have complained within the time specified of the assessment and we think it is too late now. If the judicial power could have given any relief against an excessive valuation of property, which is extremely doubtful, it is too late now to ask it. The opposition should have been made within the time allowed by law, but as the defendant has not made any, he is precluded from doing so now. A different doctrine would subject the collection of taxes assessed by the State and municipal corporations to an infinite number of embarrassments and delays, and prove an eternal source of litigation.

Oppositions to the valuation and assessment of property, in the city of Lafayette, must be made within the time prescribed and advertised, or they will not be listened to in court.

Eastern Dis.
June, 1841.

council
of Lafayette
vs.
Kohn.

On the trial the defendant objected to the introduction, as evidence, of the document purporting to be an assessment roll for the year 1837, as there was no proof of its being the same approved by the city council. The district judge overruled the objection and a bill of exception was taken.

We are unable to see the force of the objection. The plaintiffs by offering it in evidence showed their intention of being governed by it, and if any roll existed, the defendant should have made its existence somewhat probable, by his own affidavit at least, and called on plaintiffs to produce it in court. If it were at all probable another and different roll existed, it was easy to prove it by the president or secretary of the council or some of the three assessors.

*The assessment roll is admissible in evidence, to show that taxes were duly assessed. If defendant objects that it is not the true one he should show or call for the true one.*

The defendant alleges that as the law says, that " in default of payment of said taxes, within the period which the said president and board of council shall prescribe, the said board is authorized to bring suit," and as no time has been prescribed for payment, no action can be maintained as he is not in default. It is true no particular day appears to have been fixed when all persons are to appear and pay their taxes, but as relates to the defendant a time has certainly been fixed, as the collector of the corporation and the attorney of record called on him for payment, and only after his refusal to pay, was this suit instituted.

The plaintiffs have not asked for damages for a frivolous appeal or an amendment of the judgment in relation to interest, it is therefore affirmed with costs.